IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DEBORAH LAUFER, Individually,

        Plaintiff,

v.

SHAH HOSPITALITY, L.L.C., a
Domestic Limited Liability
Corporation,

        Defendant.

Case No.: 1:20-cv-04378

# SETTLEMENT AGREEMENT

    This Settlement Agreement is entered into by and between DEBORAH LAUFER, Individually, hereinafter sometimes referred to as "Plaintiff," and SHAH HOSPITALITY, L.L.C., a Domestic Limited Liability Corporation, hereinafter sometimes referred to as "Defendant," on the date last executed below.

    **WHEREAS**, Plaintiff filed the above-captioned lawsuit against Defendant alleging that Defendant violated Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), because its website located at does not comply with the requirements of 28 C.F.R. Section 36.302(e)(1) as it pertains to the property located at Lotus Suites, 4601 W. York House Rd., Wadsworth, IL (hereinafter "Subject Property") and (hereinafter "Subject Website") ;

    **WHEREAS,** Defendant denies having violated any federal laws;

    **WHEREAS,** the Parties desire to avoid expense, time, effort, and uncertainty of current or future litigation;

    **WHEREAS,** subject to the terms set forth below, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") have agreed to finally resolve any and all claims and disputes by and between and among them; and

    **WHEREFORE,** in consideration of the promises and the mutual covenants and undertakings contained herein and incorporated into this Settlement Agreement, and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties agree to the following terms and conditions as a full and complete settlement of the Lawsuit:

    **I. RELEASE.** Upon the Defendant's full compliance with the terms and conditions of this Settlement Agreement, Plaintiff hereby releases and discharges Defendant, its officers, employees,

agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act. This provision is limited to the Subject Website as it pertains to the Subject Property.

**II. COMPLETION AND IMPLEMENTATION OF ACCESSIBILITY.** Defendant agrees that, within one year of the execution of this Agreement, it shall ensure that the Subject Website conforms to the requirements of 28 C.F.R. Section 36.302(e)(1) as it pertains to the Subject Property.

**IV. MONETARY CONSIDERATION.** Defendant shall pay a total of $4,500.00 to Plaintiff's counsel, Thomas B. Bacon, P.A. for all attorney fees, costs and litigation expenses in full consideration of settlement of this case. Payment shall be made to "Thomas B. Bacon, P.A." and mailed to Thomas B. Bacon, 644 N. McDonald St., Mount Dora, FL 32757.

**V. COUNTERPARTS.** The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument. The Parties agree that a scanned, emailed, or facsimile copy of a party's signature shall be deemed the equivalent of an original.

**VI. ENTIRE AGREEMENT.** This Agreement constitutes the entire agreement among the Parties on the matters included herein. No other statement, promise, or agreement, either written or oral, made by either party or agents of either party not contained in this Agreement, shall be enforceable. If an arbitrator or court of competent jurisdiction concludes that any part of this Agreement is unenforceable, such portion shall be severed from this Agreement, and all other provisions shall remain enforceable.

**VII. VOLUNTARY EXECUTION.** The Parties represent and acknowledge that this Agreement is given and executed voluntarily, and is not based upon any representation by any of the Parties to another party as to the merits, legal liability, or value of any claim of the Parties or any matters related thereto.

**VIII. AUTHORITY TO EXECUTE.** The Parties represent and warrant to each other that the person executing this Agreement has full authority and capacity to execute this Agreement and to give the release and other promises contained in this Agreement.

**IX. APPLICABLE LAW.** This Agreement shall be governed by, construed, interpreted and enforced in accordance with the Americans With Disabilities Act.

**X. ENFORCEMENT ACTION.** In any action to enforce this Settlement Agreement, the prevailing party shall be entitled to attorneys' fees, costs and litigation expenses pursuant to the standards of 42 U.S.C. Section 12205 pursuant to the prevailing party standards set forth under the ADA..

**XI. DISMISSAL OF THE INSTANT LAWSUIT.** Upon Defendant's delivery of the settlement proceeds in good funds, and the mutual exchange of signatures required to execute this Settlement Agreement, the Parties shall file mutually agreed upon papers of dismissal with prejudice.

**IN WITNESS WHEREOF,** the parties have hereunto signed their names on the day and year written below.

**SIGNATURES:**

**Parties:**

**PLAINTIFF:**

By: _____  Date: ___9.4.20_____
DEBORAH LAUFER, Individually

**DEFENDANT:**

By: _____  Date: ___9/3/20_____
SHAH HOSPITALITY, L.L.C., a
Domestic Limited Liability Corporation.

3